George A. BROWN, Plaintiff,

v.

**UNITED STATES,[1] Defendant.**

No. 09–354C.

United States Court of Federal Claims.

Aug. 12, 2009.

---

1. Plaintiff, George Brown, a prisoner currently incarcerated in the Wheeler Correctional Facility in Georgia, names multiple current and former public officials and agencies as defendants in this case. As discussed below, because the plaintiff has filed the complaint *pro se,* the plaintiff is entitled to liberal construction of the pleadings by the court. In this regard, the court construes plaintiff's claim to be against the United States, which must be designated the party defendant in this court. *See* Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC).

George A. Brown, Alamo, GA, pro se.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Steven J. Gillingham, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General.

## OPINION

HORN, Judge.

The plaintiff's complaint seeks declaratory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006) and the United States Constitution, against, among others, President Barack Obama, Attorney General Eric Holder, Secretary of State Hillary Rodham Clinton, Secretary of Homeland Security Janet Napolitano, the United States Department of Justice, former President George W. Bush, former Attorney General John Ashcroft, former United States Attorney Richard S. Thompson, the United States Supreme Court, the United States Senate, and the United States House of Representatives.

Mr. Brown's complaint is difficult to follow and fails to raise legitimate issues over which the United States Court of Federal Claims has jurisdiction. Among other requests, Mr. Brown's complaint presents four questions to the court: 1) "whether a citizen has a constitutional right to report criminal activity?"; 2) "how many times does a citizen have to report a crime to law enforcement agencies before he receives a response?"; 3) "if the executive branch has exclusive authority and absolute discretion to investigate criminal activity, which or what crimes are discretional [sic] that the executive branch officers can withhold their ministerial duty?"; and 4) "if the executive, the legislative and the judicial branches of the government all have officers who have sworned [sic] an oath to uphold the written Constitution of the United States, do these officials have ministerial duties owed to the citizens of the United States?"

Mr. Brown alleges that he has reported criminal violations on the part of federal and state government officials and courts by sending complaints via certified mail, to various high officials, including the individuals named above, which were received, but not addressed by the recipients. Plaintiff claims that because he reported criminal violations, the executive officials to whom he reported had a duty to investigate and that their "decision not to comply to the federal statutes or regulations clearly shows a breach of that duty." Plaintiff complains that the failure to investigate complaints he filed showed "deliberate indifference" and "gross negligence." Plaintiff seeks a declaratory judgment, apparently to find the government officials at fault and to direct those authorities to investigate and prosecute his reports of criminal activity.

Plaintiff also alleges criminal misconduct on the part of the United States Supreme Court, United States Courts of Appeal and United States District Courts because they dismissed the plaintiff's prior claims. Specifically, the plaintiff claims that these courts exceeded their constitutional authority and violated constitutional precedents when they assumed jurisdiction to decide the validity of petitioner's claims without an evidentiary hearing. Plaintiff claims that this court, therefore, should issue a declaratory judgment to confine the federal courts to their proper jurisdiction. Plaintiff asserts that the various courts (1) improperly transferred his case, and (2) improperly considered a *habeas corpus* petition as a civil complaint and motion to proceed without prepayment of fees. Plaintiff, therefore, states: "The United States Court of Federal Claims should grant the petitioner [sic] petition because the United States District Court, the United States Court [sic] of Appeals [sic] and the Supreme Court of the United States failed in their duty to envision the constitutional principles of checks and balances to keep the executive, congressional and judicial branches of the government within their respecting [sic] constitutional domains by rejecting the petition as a 'no lawsuit' bona fide controversay [sic] as to whether some action denominated political exceeds constitutional authority."

## DISCUSSION

■ The court notes that when determining whether a complaint filed by a *pro se*

plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court … to create a claim which [plaintiff] has not spelled out in his [or her] pleading….'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed. Cl. 249, 253 (2007).

■ "Subject matter jurisdiction may be challenged at any time by the parties, or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004), *reh'g and reh'g en banc denied* (Fed.Cir.), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less Drug Stores Northwest, Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

■ Pursuant to Rule 8(a) of the United States Court of Federal Claims (RCFC) and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2) *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576,

1580 (Fed.Cir.1997)), *cert. denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Greenlee County, Ariz. v. United States*, 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2007), *cert. denied*, — U.S. —, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States*, 33 Fed.Cl. 474, 478 (1995), *aff'd*, 79 F.3d 136 (Fed.Cir.1996).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343 ("[P]laintiff must ... indentify a substantive source of law that creates the right to recovery of money damages against the United States."). To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948 and *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)); *see also Hamlet v. United States*, 63 F.3d 1097, 1107 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), *cert. denied*, 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States*, 42 Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal-the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir. 2005); *see also Doe v. United States*, 74 Fed.Cl. 794, 796 (2006).

The plaintiff's complaint contains numerous, broad allegations that are not within this court's jurisdiction. In fact, none of plaintiff's claims included in his lengthy, rambling complaint are within the court's jurisdictional authority, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), that the statute, regulation or constitutional provision under which the plaintiff brings his claim must be "money mandating." It is noteworthy that nowhere in plaintiff's complaint does Mr. Brown even request any monetary damages or include a damages dollar figure.

Plaintiff's allegations include that he was deprived of his rights under the First, Fifth, and Fourteenth Amendments to the Constitution. In *Crocker v. United States*, the United States Court of Appeals for the Federal Circuit wrote: "The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution." *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir.1997); *see also In re United States*, 463 F.3d 1328, 1335 n. 5 (Fed.Cir.) ("[B]ecause the Due Process Clause is not moneymandating, it may not provide the basis for the

jurisdiction under the Tucker Act."), *reh'g and reh'g en banc denied* (Fed.Cir.2006), *cert. denied sub nom. Scholl v. United States,* —— U.S. ——, 128 S.Ct. 50, 169 L.Ed.2d 243 (2007); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding that claims under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of Separation of Powers do not invoke United States Court of Federal Claims' jurisdiction because "they do not mandate payment of money by the government."); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed.Cir.1995); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir. 1988) (finding that the due process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987) (noting that the Fifth Amendment's Due Process Clause does not include language mandating the payment of money damages); *McCullough v. United States,* 76 Fed.Cl. 1, 4 (2006) ("[N]either the Fifth Amendment Due Process Clause … nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007). Therefore, to the extent that plaintiff raises allegations of a due process claim, no cause of action can be brought in this court. With respect to any First Amendment claim, plaintiff makes no factual allegations in support of such a claim. Moreover, there is not even a minimal suggestion in the complaint that a taking in violation of the Fifth Amendment to the United States Constitution occurred.

▆▆▆ Another of plaintiff's claims is that: "the petitioner challenges that the executive officials [sic] decision not to investigate the petitioners [sic] formal complaints of certain government officials involved in criminal activity deprives him of his constitutional rights and privileges secured by the United States Constitution." He further states: "Also, the petitioner, hereby gives notice that he has all the intentions of filing a federal tort claim against the United States government for their chain [sic] conspiratorial scheme they implemented against the complainant." Although it is not always clear from his complaint whether plaintiff intended to raise tort claims in the current complaint, many of the allegations Mr. Brown includes against public officials appear to raise allegations of tortious conduct.

▆▆▆ The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed. Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *McCullough v. United States,* 76 Fed.Cl. at 3; *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed. Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed. Cir.), *reh'g denied* (Fed.Cir.2006). Similarly, to the extent that plaintiff is alleging criminal behavior on the part of federal employees, no jurisdiction resides in this court. This court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *McCullough v. United States,* 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Therefore, plaintiff's claim of misconduct by federal and state government officials may not be heard in this court.

▆▆▆ Finally, plaintiff's complaint is titled "Petition for Declaratory Judgment" and argues for jurisdiction in this court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006). The Declaratory Judgment Act, however, does not provide this court with jurisdiction. Although 28 U.S.C. § 2201

provides that "any court of the United States may render a declaratory judgment," the United States Court of Appeals for the Federal Circuit has stated as binding precedent:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

*Nat'l Air Traffic Controllers Assoc. v. United States,* 160 F.3d 714, 717 (Fed.Cir.1998); *see also Pryor v. United States,* 85 Fed.Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment.... The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing *Nat'l Air Traffic Controllers Assoc. v. United States,* 160 F.3d at 717)); *Tchakarski v. United States,* 69 Fed.Cl. 218, 221 (2005). "Except in strictly limited circumstances, *see* 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." *Massie v. United States,* 226 F.3d 1318, 1321 (Fed.Cir.2000); *see also Smalls v. United States,* 87 Fed.Cl. 300, 307 (2009) ("Except in strictly limited circumstances, which are inapplicable here, *see* 28 U.S.C. § 1491(a)(2), (b)(2), the Tucker Act does not authorize the Court of Federal Claims to order equitable relief such as specific performance, a declaratory judgment, or an injunction."). None of the exceptions which permit this court to grant declaratory relief in the United States Court of Federal Claims apply to Mr. Brown's allegations. Accordingly, plaintiff's complaint for declaratory relief cannot be entertained in this court.

Equally important with respect to plaintiff's complaint, the prisoner George Brown is a frequent plaintiff, who files overlapping[2] and repetitive lawsuits against government officials. In such cases, when a prisoner sues a governmental defendant, 28 U.S.C. § 1915A(a) (2006) directs the court to screen the prisoner's complaint to identify both cognizable claims and those that should be dismissed. Section 1915A provides:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a government entity.
>
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> > (B) the action or appeal—
> >
> > > (i) is frivolous or malicious.
> > >
> > > (ii) fails to state a claim on which relief may be granted
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Therefore, in addition to the plaintiff's complaint raising issues beyond the jurisdiction of this court, after a thorough review of the contents of the complaint filed by Mr. Brown, because it is determined to be frivolous in nature, the complaint should be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1) and also 28 U.S.C. § 1915(e)(2)(B).

 Finally, plaintiff has failed to submit a filing fee or submit an application to pro-

---

**2.** This court notes that, two months prior to filing the complaint currently at issue, plaintiff filed another complaint in this court, Case No. 09–254C, alleging many of the same issues based on similar facts, but this time titled a "Petition for Writ of Mandamus." That case is still pending before another judge.

ceed *in forma pauperis* with his complaint. If, however, plaintiff had, or were to, submit an application to proceed *in forma pauperis,* 28 U.S.C. § 1915(g) (2006) would apply, and his complaint should be dismissed. Section 1915(g) of the Prison Litigation Reform Act was enacted to discourage frivolous lawsuits, and is known as the "three strikes rule." The statute denies *in forma pauperis* status to repetitive complainants, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [titled "Proceedings in forma pauperis"] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Dudley v. United States,* 61 Fed.Cl. 685, 686 (2004); *McLean v. United States,* 566 F.3d 391, 394 (4th Cir.2009); *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir.2009).

▮▮▮ In enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see also McCullough v. United States,* 76 Fed.Cl. at 3. Accordingly, Congress included subsection (e) of the *in forma pauperis* statute, which allows courts to dismiss lawsuits it determines to be "frivolous or malicious." 28 U.S.C. § 1915(e). The United States Supreme Court has found

that "a court may dismiss a claim as factually frivolous if the facts alleged are 'clearly baseless'... a category encompassing allegations that are 'fanciful'... 'fantastic'... and 'delusional....'" *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (internal citations omitted); *see also McCullough v. United States,* 76 Fed.Cl. at 3; *Schagene v. United States,* 37 Fed.Cl. 661, 663 (1997), *appeal dismissed,* 152 F.3d 947, 1998 WL 187786 (Fed.Cir.1998). Courts, however, should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. *Denton v. Hernandez,* 504 U.S. at 33, 112 S.Ct. 1728. As stated by the Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Although, in the present case, the *pro se* plaintiff is a prisoner, and a reading of the complaint demonstrates that it is frivolous, the court notes that the filing by the Department of Justice on behalf of the United States failed to make any mention of 28 U.S.C. § 1915 or § 1915A, despite the fact that in trying to evade the rule, plaintiff even mentions the three strikes rule in his complaint.

In a case filed by plaintiff, based on many of the same facts and allegations as the case currently before this court, the United States District Court for the Southern District of Georgia dismissed Mr. Brown's complaint pursuant to 28 U.S.C. § 1915(g) because Mr. Brown is a "frequent filer in federal court who has clearly exceeded the 'three strikes' permitted by § 1915(g)." *Brown v. Kemp,* No. CV407–118, 2007 WL 4209308, at *2 (S.D.Ga. Nov.26, 2007). In the body of the case, the court listed numerous cases in support of its decision to dismiss plaintiff's complaint.[3] Mr. Brown even mentions some of

---

**3.** The United States District Court for the Southern District of Georgia cited, among other cases in support of its "three strikes" finding: *Brown v. Supreme Court of Georgia,* No. 06–11149–B (11th Cir. Aug. 8, 2006) (appeal dismissed as frivolous); *Brown v. Freeseman, et al.,* No. 02–13263–H (11th Cir. Aug. 1, 2002) (appeal dismissed as frivolous); *Brown v. Supreme Court of Georgia,*

No. 106–cv–074 (N.D.Ga. Feb. 2, 2006) (dismissed as frivolous under section 1915A); *Brown v. Bush, et al.,* No. 104–cv–1092 (D.D.C. June 29, 2004) (dismissal with prejudice for failure to state a claim); *Brown v. Bush, et al.,* No. 104–cv–926 (D.D.C. June 7, 2004) (dismissed with prejudice for failure to state a claim); *Brown v. Mallory,* No. 103–cv–3861 (N.D.Ga. Feb. 6, 2004) (dis-

his prior, filed cases in his complaint before this court. Mr. Brown has proven himself to be a frequent and frivolous filer, a perfect example of the kind of plaintiff 28 U.S.C. §§ 1915 and 1915A were enacted to deter. Plaintiff's current complaint is equally as frivolous as his prior dismissed complaints, therefore, his complaint should be dismissed for the reasons discussed above.

### CONCLUSION

Upon careful review of plaintiff's complaint, it is clear that Mr. Brown, once again, has filed a frivolous lawsuit in which he has alleged no claims within the jurisdiction of this court. Therefore, the court, sua sponte and based on the filings in the case to date, **DISMISSES** plaintiff's complaint, with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion and is directed to accept no future filings from the plaintiff without an order by a judge of this court approving the filing. The Clerk of the Court shall retain a copy of this order on file indefinitely and refer to it in the event any future filings are presented by George A. Brown. Costs to the defendant.

**IT IS SO ORDERED.**

missed as frivolous under section 1915A); *Brown v. Bush, et al.,* No. 104–cv–164 (D.D.C. Feb. 5, 2004) (dismissed with prejudice for failure to state a claim). *See Brown v. Kemp,* 2007 WL 4209308, at * 2 n. 5.