**George A. BROWN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 09–254C.**

United States Court of Federal Claims.

Sept. 16, 2009.

George A. Brown, pro se, Alamo, GA.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Tony West, Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, and Kirk Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

### *OPINION AND ORDER*

LETTOW, Judge.

Plaintiff, George A. Brown, is an inmate at the Wheeler Correctional Facility in Alamo, Georgia. In a complaint filed with this court on April 23, 2009, Mr. Brown requests, among other things, that the court issue a writ of mandamus compelling the federal government to investigate allegedly criminal conduct on the part of officials of the State of Georgia at the Chatham County Courthouse in Savannah, Georgia. Compl. at 1, 5, 9, App. B. Mr. Brown also appears to seek review by this court of decisions of the United States District Court for the District of

Columbia, the United States Court of Appeals for the District of Columbia Circuit, and the Supreme Court of the United States, each of which denied Mr. Brown relief on a similar claim. *See id.* at 10–11, 19, 22–23. The government has moved to dismiss Mr. Brown's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), asserting that this court lacks subject matter jurisdiction over his claims. Def.'s Mot. to Dismiss at 1. Mr. Brown has responded by seeking, among other things, sanctions against counsel for the government. *See* Pl.'s Mot. for Sanctions, filed August 19, 2009.

## BACKGROUND

Mr. Brown does not specifically identify what omissions or failures to act by the President, the Attorney General, a United States Attorney, and the Department of Justice provide the underpinnings for his claim. Rather, he avers that he provided information to federal officials pertaining to unspecified violations of Title 18 of the United States Code by state officials at the Chatham County Courthouse, *see* Compl. at 3, and that the federal officials' failure to investigate the conduct of the state officials violated rights protected by the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at 3–9.[1] Mr. Brown requests a writ of mandamus to compel the federal officials "to perform [their] duty," citing 28 U.S.C. § 1361. *Id.* at 1, 9.

Mr. Brown also contends that the United States District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia, and the United States Supreme Court exceeded their authority "when [they] assumed jurisdiction to decide the validity of [plaintiff's] claims without an evidentiary hearing." Compl. at 10. In this respect, Mr. Brown seeks "a writ of mandamus to confine the federal courts to [their] proper jurisdiction." *Id.*

Attached to Mr. Brown's complaint are imperfect handwritten transcriptions of decisions in two cases Mr. Brown previously filed in the United States District Court for the District of Columbia in 2004, in which he made similar allegations. *See* Compl. at App. B, D. In each of these cases, Mr. Brown's complaint was dismissed by the district court. *See Brown v. Bush,* No. 04–1092, 2004 U.S. Dist. LEXIS 30112 (D.D.C. June 29, 2004); *Brown v. Bush,* No. 04–0926 (D.D.C. June 7, 2004). Mr. Brown also filed a third case in the District Court for the District of Columbia, again making similar allegations, in which he sought a writ of mandamus, which the district court denied. *See Brown v. Bush,* No. 04–0164, 2004 U.S. Dist. LEXIS 30113 (D.D.C. Feb. 5, 2004). Mr. Brown appealed two of the three cases, both of which were affirmed by the United States Court of Appeals for the District of Columbia Circuit. *See Brown v. Bush,* 112 Fed.Appx. 66 (D.C.Cir.2004); *Brown v. Bush,* 111 Fed.Appx. 614 (D.C.Cir.2004); *see also* Compl. at App. A, C (handwritten transcriptions attached to plaintiff's complaint). Mr. Brown petitioned for a writ of certiorari in at least one case, which was denied. *See Brown v. Bush,* 544 U.S. 932, 125 S.Ct. 1677, 161 L.Ed.2d 499 (2005).

Mr. Brown also filed a similar case in the United States District Court for the Southern District of Georgia. *See Brown v. Kemp,* No. CV407–118, 2007 WL 4209308, at *2 (S.D.Ga. Nov.26, 2007) (dismissed pursuant to 28 U.S.C. § 1915(g) because plaintiff is a "frequent filer in federal court who has clearly exceeded the 'three strikes' permitted by § 1915(g)"). In addition to this case and the cases previously discussed, Mr. Brown instituted a second, similar action in this court seeking a declaratory judgment rather than a writ of mandamus, which action has been dismissed with prejudice. *See Brown v.*

---

1. In support of his claim of a mandatory ministerial duty to investigate the unspecified allegations contained in his writings to federal officials, Mr. Brown cites a variety of statutes, including 28 U.S.C. §§ 509, 510, 515 and 535, but he emphasizes 28 U.S.C. § 535(a), which provides that "[t]he Attorney General and the Federal Bureau of Investigation may investigate any violation of Federal criminal law involving Government officers and employees." *See* Compl. at 13–14. In the context of Part II of Title 28 of the United States Code, relating to the Department of Justice, "Government" refers to the federal government. *See, e.g.,* 28 U.S.C. § 501 ("The Department of Justice is an executive department of the United States at the seat of Government.").

*United States,* 88 Fed.Cl. 322, 331 (2009) ("Mr. Brown, once again, has filed a frivolous lawsuit in which he has alleged no claims within the jurisdiction of this court.").

### A. Applicability of the Prison Litigation Reform Act

Parties filing actions in this court are required to pay the filing fee, *see* 28 U.S.C. § 1926(a); RCFC 77.1(c)(1) (incorporating the fee schedule prescribed by the Judicial Conference of the United States for this court), unless they are granted leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a).[2] However, when he filed his complaint in this action, Mr. Brown did not pay the requisite filing fee nor did he make any motion for leave to proceed *in forma pauperis.* Mr. Brown consequently has not satisfied the requirements for filing his complaint with the court, and as a result, his complaint could be dismissed for this failure. Dismissal would be proper on this ground even though the government has not raised the relevant circumstances in its motion to dismiss. Such a dismissal ordinarily would be without prejudice to reinstating the suit upon payment of the pertinent filing fee.

If, alternatively, Mr. Brown were to submit an application to proceed *in forma pauperis,* the Prison Litigation Reform Act ("the Act") would become relevant. That Act, enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, 1374–75 (April 26, 1996), provides "a special form of filing *in forma pauperis* for prisoners." *Dudley v. United States,* 61 Fed.Cl. 685, 686

(2004). If a prisoner cannot pay the filing fee immediately upon submission of the complaint, the Act allows partial payment of any court fees established by law, with required subsequent installment payments made from the prisoner's account established with his or her custodian. *See* 28 U.S.C. § 1915(b). The Act adds the caveat that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Nonetheless, the Act also establishes the requirement that once a prisoner has filed three actions that have been dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted, the prisoner must pay the entire filing fee when the prisoner initiates the action. *See* 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**2.** In pertinent part, 28 U.S.C. § 1915(a) provides that

(1) ... [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal on judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a

certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1), (2). This statute was made applicable to this court by the Court of Federal Claims Technical and Procedural Improvements Act of 1992, Pub.L. No. 102–572, § 909, 106 Stat. 4506, 4519 (codified as amended at 28 U.S.C. § 2503(d)). The history of the authority of the court to grant an application to proceed *in forma pauperis* is reviewed in *Matthews v. United States,* 72 Fed.Cl. 274, 277 (2006), and *Hayes v. United States,* 71 Fed.Cl. 366, 367–70 (2006).

This "three strikes" provision was adopted by Congress as a procedural mechanism to address the large numbers of suits filed in federal courts by prisoners. *See Jones v. Bock,* 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).[3]

■ The federal legal system "remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law." *Jones,* 549 U.S. at 203, 127 S.Ct. 910. While maintaining this commitment, the Prison Litigation Reform Act was intended to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (referring specifically to the exhaustion requirement of 42 U.S.C. § 1997e(a)). The three-strikes provision accordingly does not block a prisoner's access to the courts after three prior actions have been dismissed for frivolousness, maliciousness, or failure to state a claim, but rather provides that the prisoner has the right to file subsequent suits if he or she pays the full filing fee at the time of submission of the complaint. *See Carson v. Johnson,* 112 F.3d 818, 821 (5th Cir.1997).

Mr. Brown has filed a number of cases in federal district courts that were dismissed for failure to state a claim. In addition to the three cases filed in the United States District Court for the District of Columbia and the case subsequently filed in the United States District Court for the Southern District of Georgia, *see supra,* at 797–98, the decision issued in 2007 by the United States District Court for the Southern District of Georgia lists other suits filed by Mr. Brown in United States District Court for the Northern District of Georgia that were dismissed as frivolous. *See Brown v. Kemp,* 2007 WL 4209308, at *2 n. 5; *see also Brown v. United States,* 88 Fed.Cl. at 330–31 & n. 3. Mr. Brown indeed appears to acknowledge that he is subject to the three-strikes rule of 28 U.S.C. § 1915(g) by citing several of the prior dismissals in his complaint. *See* Compl. at App. A, B, C, D.

■ Consequently, even if Mr. Brown had sought to proceed *in forma pauperis,* the court could not have granted any such application because of the three-strikes rule of 28 U.S.C. § 1915(g). In the circumstances, Mr. Brown's complaint will be dismissed without prejudice for failure to pay the filing fee, subject to reinstatement if Mr. Brown submits the full amount of the filing fee within thirty days of this opinion.[4]

---

**3.** Congress enacted the *in forma pauperis* statute " 'to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because … poverty makes it impossible … to pay or secure the costs' of litigation." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948)). Limitations were added because "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id.* (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

**4.** In accord with 28 U.S.C. § 1915A, the court has undertaken a screening review of Mr. Brown's complaint, and as a result, the court cautions Mr. Brown that even if he does pay the filing fee in full, the court appears not to have subject matter jurisdiction over his complaint. He has sought only a writ of mandamus as a remedy, Compl. at 23, not money damages. District courts, not this court, are specifically authorized to issue writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Del Rio v. United States,* 87 Fed.Cl. 536, 540 (2009) (citing *United States v. Testan,* 424 U.S. 392, 403, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). Even so, notwithstanding the limitation written into 28 U.S.C. § 1361 that it is applicable only to district courts, this court may well have authority under the All Writs Act to issue a "writ[ ] necessary or appropriate in aid of [its] … jurisdiction." 28 U.S.C. § 1651. For this court, however, the juridical power reflected in the All Writs Act normally would be addressed and encompassed by the provision of the Tucker Act which provides:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2). The Tucker Act thus ties an award of equitable relief equivalent to a writ of mandamus to a money judgment. Apart from the fact that Mr. Brown's complaint does not

## B. Request for Sanctions

Mr. Brown's request for imposition of monetary sanctions on the government under RCFC 11 rests on the assertions that the government has "deliberate[ly] reconstructed" his complaint and has "deliberately misrepresented" the thrust of federal statutes, specifically citing the Tucker Act, 28 U.S.C. § 1491. Pl.'s Mot. for Sanctions at 1. The government responds that it has "not misrepresented the law or misrepresented the nature of Mr. Brown's complaint, nor taken any action in this case for any improper purpose." Def.'s Resp. at 1.

The primary purpose of Rule 11 is to "deter baseless filings" and to "streamline the administration and procedures of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), *superseded in other respects by rule*, 1993 Amendments to Fed. R.Civ.P. 11. The Rule imposes an objective standard of "reasonable[ness] under the circumstances." RCFC 11(b); *see Elliott v. M/V LOIS B.*, 980 F.2d 1001, 1006 (5th Cir. 1993). In pertinent part, the Rule addresses a party's submissions to the court in the following terms:

> (b) *Representations to the Court.* By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . .

RCFC 11(b). Sanctions may be imposed for violation of the Rule. RCFC 11(c).

 Mr. Brown manifestly has failed to show that the government's actions in responding to his complaint violated in any way the strictures of Rule 11. The government painstakingly addressed the main points of Mr. Brown's diffuse and rambling complaint, and it also appropriately stated the provisions and effect of the one federal statute, the Tucker Act, that Mr. Brown cites in his motion for sanctions. In short, nothing was misrepresented, and nothing was submitted for an improper purpose. Sanctions are wholly inappropriate. *See Dumont v. United States*, 85 Fed.Cl. 425, 430–31 (2009), *aff'd,* —— Fed.Appx. ——, 2009 WL 2400345 (Fed.Cir.2009).

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED IN PART. Mr. Brown's complaint is dismissed for failure to pay the requisite filing fee, subject to reinstatement if Mr. Brown pays the full amount of the filing fee within thirty days of the issuance of this opinion and order. Mr. Brown's request for imposition of monetary sanctions is DENIED. The Clerk is directed to enter an appropriate judgment.

No costs.

It is so ORDERED.

---

request any monetary relief, he does not appear to have identified any money-mandating provision of law that could entitle him to such relief. The court's jurisdiction based upon the Tucker Act requires reference to such a money-mandating provision of law to establish a basis for a monetary cause of action. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

Lastly, to the extent that Mr. Brown seeks review of prior decisions of district courts, courts of appeals, and the Supreme Court, all of which have denied him relief, *see* Compl. at 10–11, 19, 22–23, this court is without authority to review decisions of other federal courts. *See Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir.2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994).