DECISION
PER CURIAM.
Flem Calhoun, II, appeals from a decision of the Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Calhoun v. United States, 03-1509C. We affirm.
BACKGROUND
On June 18, 2002, Mr. Calhoun filed a complaint with the United States Court of Federal Claims seeking collateral relief from a decision of the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit had held that Mr. Calhoun’s claim for damages resulting from an alleged criminal conspiracy was time barred, because the events in question had occurred more than 50 years earlier. The complaint in the Court of Federal Claims alleged that the district judge in the Sixth Circuit case was part of a conspiracy to conceal the death of Mr. Calhoun’s father and sought relief from the judgment in the Sixth Circuit case based on that allegation.
Mr. Calhoun’s complaint invoked Title 18 of the United States Code, “the Privacy Act of 1974” (presumably referring to 5 U.S.C. § 552a), and 28 U.S.C. § 455. It also requested damages in tort. After construing the complaint as favorably to Mr. Calhoun as possible, the trial court concluded that, because none of the grounds on which Mr. Calhoun sought relief provided it with jurisdiction, the complaint had to be dismissed.
DISCUSSION
We review questions of subject matter jurisdiction de novo. Brown v. United States, 105 F.3d 621, 623 (Fed.Cir. 1997). The Tucker Act, 28 U.S.C. § 1491, gives the Court of Federal Claims jurisdiction to “render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort.” That jurisdiction extends only to claims for money damages and must be strictly construed. United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The Tucker Act does not by itself, however, create a cause of action against the United States for money damages; rather, the plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a right to money damages. Khan v. United States, 201 F.3d 1375, 1377 (Fed.Cir.2000).
On appeal, Mr. Calhoun contends that 42 U.S.C. § 1983 and the due process clause of the Fourteenth Amendment create a cause of action cognizable under the *842 Tucker Act. Contrary to Mr. Calhoun’s contention, however, neither the Fourteenth Amendment nor section 1988 create a cause of action against the federal government, and neither constitutional torts nor due process violations are within the Court of Federal Claims’ jurisdiction under the Tucker Act. See Brown v. United States, 105 F.3d 621, 624 (Fed.Cir.1997); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed.Cir.1995); Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed.Cir.1995). Nor does the Court of Federal Claims have jurisdiction over nonconstitutional claims sounding in tort. Brown, 105 F.3d at 623. As a result, Mr. Calhoun has not alleged any basis for the Court of Federal Claims to exercise jurisdiction over his claims.
Contrary to Mr. Calhoun’s contention, it was proper for the trial court to dismiss the complaint sua sponte. “A court may and should raise the question of its jurisdiction sua sponte at any time.” Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed.Cir.1988). While pro se plaintiffs are accorded some latitude in the precision with which they frame issues, that does not relieve them of the burden of establishing subject matter jurisdiction. Because Mr. Calhoun did not establish subject matter jurisdiction in this case, the trial court had no choice but to dismiss his complaint.