**Mark D. LEITNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–471C.

United States Court of Federal Claims.

April 16, 2010.

Mark D. Leitner, Fairport, New York, Pro Se.

Christopher A. Bowen, Commercial Litigation Branch, Civil Division, Department of Justice, Washington D.C., with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, for Defendant.

### *OPINIÒN and ORDER*

SMITH, Senior Judge.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. After careful review and consideration, and for the reasons stated below, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

### I. BACKGROUND

Plaintiff, Mark Leitner, filed a Complaint alleging several torts flowing from the acts of IRS agents and rulings of federal district courts. In his Complaint, Plaintiff seeks money damages, declaratory judgments, and injunctive relief. In response, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff then filed a First Amended Complaint that added other claims and rephrased the "charges of tort" in his original Complaint. Defendant responded with its Motion to Dismiss Plaintiff's First

Amended Complaint, again for lack of subject matter jurisdiction. Plaintiff filed a Reply in Opposition to Defendant's motion where he identified as the two primary issues his allegations of Defendant's indebtedness to Plaintiff, and Defendant's refusal to respond to Plaintiff's writs or requests under the Freedom of Information Act (FOIA).

On December 10, 2009, Defendant responded with its Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, asserting lack of legal authority to support Plaintiff's claims. Soon thereafter, Plaintiff sent the Court a Notice and Demand for Summary Judgment by Way of Affidavit (Plaintiff's Motion for Summary Judgment).

In a subsequent Notice and Objection, Plaintiff argued for a ruling on his Motion for Summary Judgment. Defendant in its Motion to Stay Defendant's Response to Plaintiff's Motion for Summary Judgment (Defendant's Motion to Stay) asks the Court to rule instead on Defendant's earlier Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff filed a Notice and Objection to Defendant's Motion to Stay, and Defendant a Reply in Support of Defendant's Motion to Stay.

## II. FACTS

In 2006, IRS agents executed a search warrant on Mr. Leitner's apartment in Fairport, New York. (Def.'s Mot. To Dismiss First Am. Compl. 2.) The United States District Court for the Western District of New York denied Mr. Leitner's motion to return items seized in the raid, and the United States Court of Appeals for the Second Circuit affirmed the District Court's denial. *Id.* In 2008, a federal grand jury in the Northern District of Florida indicted Mr. Leitner for conspiracy. to commit tax fraud. *United States v. Leitner*, No. 08–MJ–4098, 2008 WL 5157241, at *1 (W.D.N.Y. Dec.8, 2008). The Western District of New York rejected Mr. Leitner's challenge to the arrest warrant. (Def.'s Mot. To Dismiss 2.)

Mr. Leitner alleges that on or about May 10, 2006, and again on or about August 28, 2008, government agents, persons impersonating government agents, or government agents without lawful authority raided his apartment and seized him and his property. (Compl.6–7.) Mr. Leitner alleges that in 2008 the intruders restrained and transported him against his will to appear before the Western District of New York. (Compl.7.) Mr. Leitner subsequently mailed a letter to the Western District of New York with a "bill" for $176,550 in damages. *Id.* Mr. Leitner mailed the same bill to the United States Attorney General. *Id.* Mr. Leitner alleges that he did not receive a response to his bill from either the Western District of New York or the Attorney General. *Id.*

At various times, Mr. Leitner also demanded by "Praecipe" that the IRS Commissioner, the IRS agents involved in the 2006 raid, and other government officials associated with these actions provide evidence of "Official Oath, Qualifications And Bonds" to verify their installment in office and the scope of their authority. (*See, e.g.,* Pl.'s Praecipe, Aug. 26, 2009.) The Defendant now asks the Court to dismiss Mr. Leitner's complaint for lack of subject matter jurisdiction.

## III. STANDARD OF REVIEW

■ Plaintiff proceeds without assistance of counsel (*pro se*); therefore, the Court holds his pleadings to a less stringent standard than the Court would hold a party represented by an attorney. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Nevertheless, Plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.2002). Thus, the Court must dismiss Mr. Leitner's complaint if he fails to establish subject matter jurisdiction by a preponderance of the evidence.

## IV. DISCUSSION

Mr. Leitner is before the Court asserting several claims, none of which are within the jurisdiction of this Court. The Court has divided its discussion of these issues by related claims.

*A. Constitutional and Statutory Claims*

■ Mr. Leitner argues that this Court has jurisdiction under several statutes and constitutional clauses. First, Mr. Leitner states that the Court has jurisdiction under 28 U.S.C. § 1333. (First Am. Compl. 1–3.) It is clear that 28 U.S.C. § 1333 does not apply because the statute confers jurisdiction on federal district courts for admiralty, maritime and prize cases, and this Court is not a federal district court. *See, e.g., Simmons v. United States,* 71 Fed.Cl. 188, 193 (2006).

■ Second, Mr. Leitner asserts jurisdiction over his claims under 28 U.S.C. § 1491. For jurisdiction under this statute, the claim must be founded on a money-mandating constitutional or statutory provision. *See United States v. Mitchell,* 463 U.S. 206, 216, 218, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Mr. Leitner advances many constitutional claims, none of which are money-mandating. *See, e.g., LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (stating that the First Amendment and the Due Process Clause of the Fifth Amendment are not money-mandating); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) (stating that the Fourth Amendment prohibition of unreasonable searches and seizures is not money-mandating); *Milas v. United States,* 42 Fed. Cl. 704, 710 (1999), *aff'd,* 217 F.3d 854, 1999 WL 825288 (Fed.Cir.1999) (stating that the Sixth Amendment is not money-mandating); *Hall v. United States,* 89 Fed.Cl. 102, 109–10 (2009) (holding this Court has no jurisdiction where plaintiff alleged violation of the Privileges and Immunities Clause of Article IV of the Constitution). Therefore, this Court lacks jurisdiction over Mr. Leitner's constitutional claims.

■ Third, Mr. Leitner asserts jurisdiction under 28 U.S.C. § 1346. This Court possesses jurisdiction to hear tax refund claims for:

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been

excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). However, before bringing a refund claim under 28 U.S.C. § 1346(a)(1), the plaintiff must have paid the assessed taxes in full and met other jurisdictional prerequisites. *See, e.g., Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir. 2002). Mr. Leitner has not alleged such a refund claim. Instead, Mr. Leitner seeks to have the Court enjoin Defendants to return his property seized in the 2006 or 2008 raids. (First Am. Compl. 14.) He also seeks $176,550 that he presented in a "bill" to the Western District of New York. (First Am. Compl. 9–10.) Thus, Mr. Leitner's claim does not satisfy the jurisdictional prerequisites to place a claim under 28 U.S.C. § 1346(a)(1) properly before this Court.

*B. No Jurisdiction to Order the Return of Property Seized in IRS Raids*

■ Mr. Leitner seeks an Order of this Court under 28 U.S.C. § 2202 to order the Defendants to return his property seized in the 2006 or 2008 raids. (First Am. Compl. 14.) This Court may issue declaratory judgments or offer equitable relief only under an express grant of such jurisdiction in a federal statute. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). However, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, does not make such a grant. *See Tchakarski v. United States,* 69 Fed.Cl. 218, 221 (2005).

■ In certain instances this Court can construe and adjudicate a claim for "actual, presently due money damages from the United States," or offer equitable relief ancillary to such a claim. *See Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998). Here, however, the Court cannot adjudicate Mr. Leitner's property claim even if it is construed as a demand for money damages under the Fifth Amendment's Takings Clause. A Fifth Amendment takings claim is not a vehicle for challenging a government action. What he actually is asking for is a return of property and damages. This is not a valid takings claim. Spe-

cifically, Mr. Leitner disputes that the government lawfully seized his property in the raids. *See McNeil v. United States,* 78 Fed. Cl. 211, 236 (2007) (holding that the government action must have been lawful to have a valid takings claim). In addition, taxation is not the taking of private property for public purpose, under the Fifth Amendment. *See, e.g., Russell v. United States,* 78 Fed.Cl. 281, 289 (2007) (quoting *Mobile County v. Kimball,* 102 U.S. 691, 703, 26 L.Ed. 238 (1880)). While taxation clearly deprives a citizen of property, there is presumably some reciprocal benefit that takes it out of the takings category. Certain very focused taxes, however, may indeed constitute takings. *See E. Enters. v. Apfel,* 524 U.S. 498, 522–37, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998).

 Finally, federal district courts have exclusive jurisdiction over claims for damages flowing from the allegedly unlawful collection activities of the IRS, and this Court is not a federal district court. *See Ledford,* 297 F.3d at 1382. Thus, this Court does not have jurisdiction to offer equitable relief or money damages for Mr. Leitner's property seized in the 2006 or 2008 raids.

### C. Tort Claims are Precluded in This Court

In his bill for $176,550, Mr. Leitner seeks to recover $4,500 for "legal consultations & expenses," $2,050 for "out of pocket" and other travel expenses associated with the need to travel to Florida, $50,000 for "emotional distress, suffering, and punitive damages," and $120,000 for alleged false imprisonment by government agents for the four hours prior to Mr. Leitner's appearance before a federal judge. (First Am. Compl. 10 & Ex. B.) Mr. Leitner alleges that he did not receive a response to his bill from either the Western District of New York or the Attorney General. (Compl.7.)

 In his bill, Mr. Leitner seeks $120,000 for alleged false imprisonment by government agents. False imprisonment is a tort, and the Tucker Act bars claims sounding in tort from the jurisdiction of this Court. *See, e.g., Schweitzer v. United States,* 82 Fed.Cl. 592, 595 (2008). Further, it appears

to the Court that Mr. Leitner's bill alleges only damages flowing from the alleged torts of government agents and federal district courts. The Tucker Act does not grant this Court jurisdiction over constitutional torts and non-constitutional claims sounding in tort. *Calhoun v. United States,* 98 Fed. Appx. 840, 842 (Fed.Cir.2004). Thus, all of Mr. Leitner's tort claims are barred by the jurisdiction of this Court.

### D. FOIA Claims Precluded in This Court

 Mr. Leitner seeks review of Defendants' failure to respond to his requests under the Freedom of Information Act. (Pl.'s Reply in Opp'n to Def.'s Mot. To Dismiss Pl.'s First Am. Compl. 2–3.) Contrary to Mr. Leitner's assertion in his First Amended Complaint, this Court does not have jurisdiction over FOIA claims. *See Bernard v. United States,* 59 Fed.Cl. 497, 503 (2004).

### E. No Jurisdiction to Enjoin Federal District Court Proceedings

 Mr. Leitner asks this Court to review the rulings of the Western District of New York, or to provide injunctive relief against his prosecution in the Northern District of Florida for conspiracy to commit tax fraud. (First Am. Compl. 12–13.) This Court does not have jurisdiction to enjoin an IRS collection proceeding. *Ledford,* 297 F.3d at 1381. This Court also does not have jurisdiction to adjudicate claims under the federal criminal code, hear claims of due process violations, or issue writs of habeas corpus. *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *Calhoun,* 98 Fed. Appx. at 842; *Ledford,* 297 F.3d at 1381. Thus, this Court does not have jurisdiction to provide injunctive relief against Mr. Leitner's prosecution in the Northern District of Florida for the charge of conspiracy to commit tax fraud.

### V. CONCLUSION

For the reasons set forth above, the Court lacks jurisdiction to hear Plaintiff's claims,

and hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The Court directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint and First Amended Complaint. The Court further **DENIES AS MOOT** all other motions pending before the Court.

It is so **ORDERED**.