**Azael Dythian PERALES, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 10–460C.**

United States Court of Federal Claims.

July 20, 2010.

Azael Dythian Perales, Fullerton, CA, pro se.

## ORDER

MARIAN BLANK HORN, Judge.

The plaintiff, Azael Dythian Perales, filed a document, titled "Petition for Writ of Habeas Corpus, Proceeding Under 28 U.S.C.A. § 2241, Power to Grant Writ," in the United States Court of Federal Claims on July 9, 2010, along with an application to proceed *in forma pauperis*. Plaintiff requests that this court grant "a Writ of Habeas Corpus under 28 U.S.C. § 2241", and "proceeding under 18 U.S.C.A. § 981(a)(1)(D)(ii)(iii)(k)(1)(3), § 982(a)(1), § 983(a)(II), § 1341, § 1343, § 1344(1)(2), § 1342(1)(2), § 1348(1)(2), § 1349, § 1362, 18 U.S.C.A. § 1006, 1007, § 1031(a)(1)(2), § 1029(a)(5), § 1032(1)(2)(3), and § 1691[sic].' " Both plaintiff's one and one-half page petition for a Writ and the several inches of paper submitted in support are difficult to follow. Plaintiff's one and one-half page petition for a Writ consists of a recitation of long lists of various sections of the United States Code and Federal Rules of Civil Procedure, according to which plaintiff alleges the court has authority to proceed, and by which the plaintiff alleges defendant "conduced the violations of" various statutes. Plaintiff, however, describes no facts upon which the claim is based.

The collection of papers submitted in support of plaintiff's petition is in no discernable order and is repetitive, with multiple duplicate documents and no direct factual focus. The record contains various documents that are without any comprehensible connection to the petition for Writ of Habeas Corpus. Moreover, as is discussed below, a petition for a Writ of Habeas Corpus is not within the jurisdiction of the United States Court of Federal Claims. For example, several copies of a form from the Good Samaritan Center, dated July 27, 2009, document Mr. Perales' unemployed work status. Duplicate copies of medical records from the St. Jude Medical Center indicate that Mr. Perales was treated

for a sprained knee in March 2010. A September 2, 2009 letter from the Homeless Intervention and Shelter House, a transitional living center for the homeless, located in Placentia, California, indicates that Mr. Perales had been living at the Homeless Intervention and Shelter House since August 9, 2009. A document listing California homeless shelters with starred notations indicates that Mr. Perales applied, and/or received, assistance from those shelters. A document dated September 3, 2006, signed by plaintiff, gives the "United States House of the Senate Committee on Appropriations" absolute power of attorney in plaintiff's living wills and in any and all pending matters, including a list of some fifteen other civil lawsuits.

While the current filing in this court solely requests the court to issue a Writ of Habeas Corpus, the record contains numerous documents suggesting that Mr. Perales has been involved in a wide range of other legal proceedings before filing his claim in the Court of Federal Claims.[1] The filings in this court include documents suggesting litigation arising out of employment with Lowe's Company, Inc., including a document summarizing modifications for the Lowe's Companies, Inc. 401(k) Plan, dated August 2005, a docketing notice by the United States Court of Appeals for the Second Circuit in *Perales v. Lowe's Companies Incorporated*, No. 1:09–CV–173, 2009 WL 2601428 (D.Vt. Aug.19, 2009), and a letter from the United States Department of Labor responding to plaintiff's allegation that his employer, Lowe's, violated the Fair Labor Standards Act (FLSA), finding insufficient information to establish violations of the FLSA. Other documents suggest that Mr. Perales brought a claim against the IRS in which he asserted that he "sent tangible, credible and specific deficiency for a 'Whistleblower' claim under I.R.C. section 7623(a) or (b)" and requested that the United States Tax Court issue a writ of mandamus. There are also multiple letters[2] from the Internal

---

1. Plaintiff has filed numerous other *pro se* lawsuits. *See, e.g., Perales v. United States E.E.O.C.*, No. 4:09CV3231, 2009 WL 5033976 (D.Neb. Dec.15, 2009), *leave to appeal denied*, 2010 WL 1418117 (D.Neb. Apr.6, 2010); *Perales v. Lowe's Co.*, No. 1:09–CV173, 2009 WL 2601428 (D.Vt. Aug.19, 2009); *Perales v. City of Buena Park*, No.

CIV S–09–1582 FCD EFB PS, 2009 WL 1885702 (E.D.Cal. June 25, 2009).

2. Although some of these letters appear to be duplicate copies, the record contains approximately 47 such letters issued by the IRS from March 22, 2010 to May 26, 2010.

Revenue Service, Department of the Treasury, indicating that information furnished in a Form 211, Application for Award for Original Information submitted by Mr. Perales, did not meet the IRS criteria for award. A copy of a Motion to Dismiss for Lack of Jurisdiction in another suit in the United States Tax Court captioned, according to plaintiff, *Perales v. Comm'r,* No. 5664–10, describes Mr. Perales' claim for a redetermination of alleged tax deficiencies for the taxable years 2007, 2008, and 2009. Another document indicates that a complaint was filed by Mr. Perales against Wal–Mart Stores, Inc. and Sam's Club Co. in the United States District Court for the Central District of California, alleging violations of 21 U.S.C. § 331 (2006), the Federal Food, Drug, and Cosmetic Act. Plaintiff also submitted a notice in this court of a related case, *"Perales v. City of Fullerton,* C.A. No. FI44222PE," which he indicates is related to cases filed in the "Supreme Court, 10th Cir. Of Appeals, 4th Cir. Of Appeals, U.S. Dist Ct of Appls D.C.Cir., U.S. Dist Ct of Appls 2nd Cir. [sic]," because it relates to common property, involves common issues of fact, grows out of the same event or transaction, involves the validity or infringement of the same patent, and is filed by the same *pro se* litigant. The documents filed in this court also include copies of subpoenas commanding production of documents to the Court of Federal Claims, including those issued to the Securities and Exchange Headquarters, United States Department of Labor, United States Tax Court, Internal Revenue Service Whistleblower Office, former United States Senator Joseph Biden, Orange County Superior Court, and United States Court of Appeals for the Fourth Circuit.

In addition, the record contains multiple allegations of judicial and legislative misconduct. These include a Complaint of Judicial Misconduct or Disability against Justice John P. Stevens of the United States Supreme Court. Plaintiff also submitted copies of approximately 28 letters written in early January 2008 to the House of Representatives Judiciary Committee, citing "Maladministration," and asking for formal censure proceedings against multiple United States House of Representative members for "failing to obtain a House Resolution and adjudicate any if not all Federal cases before the Federal Government to date."

 It is impossible to discern the precise allegations included in the plaintiff's Petition for Writ of Habeas Corpus, given that it consists largely of a litany of citations to the United States Code and Federal Rules of Civil Procedure upon which the court is requested to proceed, without any factual basis on which to adjudicate any claims, and that the supporting documents also range a wide gamut of unrelated allegations. Nonetheless, as with all documents received in this court, the plaintiff's total filing has been reviewed carefully and liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed. Cl. 249, 253 (2007).

 After thorough consideration, none of the references in plaintiff's petition raises matters within this court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1).[3] Petitions for Writs

---

**3.** The United States Code at 28 U.S.C. § 1491(a)(1) provides, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

of Habeas Corpus, specifically, are not within this court's jurisdiction. The authority to grant a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2006) is statutorily granted, if a prisoner is in custody, only to "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The United States Court of Federal Claims is not included in this list of authorized courts. *See* 28 U.S.C. § 2241(a); *Ledford v. United States,* 297 F.3d 1378, 1381 (Fed.Cir.2002) (The "habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus."); *Leitner v. United States,* 92 Fed. Cl. 220, 225 (2010) ("This Court also does not have jurisdiction to ... issue writs of habeas corpus."). In addition, federal courts are only granted the authority to issue a writ if a petitioner is "in custody." 28 U.S.C. § 2241(c). The United States Supreme Court has written, "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). From the claims alleged in plaintiff's petition and the record submitted to the court, there is no indication that plaintiff is being held in custody. Plaintiff's numerous citations to other sections of the United States Code, notably to Section 18 of the United States Code on Crimes and Criminal Procedure, confer no jurisdiction on the court. The Court of Federal Claims does not have jurisdiction to adjudicate claims under the federal criminal code. *See Leitner v. United States,* 92 Fed.Cl. at 224.

 "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir.1998) (quoting *Booth v. United States,*

990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

The plaintiff's petition for Writ of Habeas Corpus contains numerous allegations, none of which are within this court's jurisdiction. Therefore, upon review of plaintiff's submissions, the court **DISMISSES** plaintiff's petition for a Writ of Habeas Corpus, with prejudice. Plaintiff's application to proceed *in forma pauperis* is moot. The Clerk of the Court shall enter **JUDGMENT** consistent with this order.

**IT IS SO ORDERED.**