**KILLINGSWORTH ENVIRONMENT, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5028.

United States Court of Appeals, Federal Circuit.

Aug. 30, 2001.

Before PAULINE NEWMAN, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

*ORDER*

The United States moves to summarily affirm the Court of Federal Claims' judgment dismissing Killingsworth Environment, Inc.'s complaint. Killingsworth has not responded.

Killingsworth filed a complaint in the Court of Federal Claims challenging the actions of state officials in Florida. The Court of Federal Claims dismissed the complaint for lack of jurisdiction, noting that its jurisdiction "is limited to claims against the United States not sounding in tort. *See* 28 U.S.C. § 1491(a)(1)." Killingsworth appealed.

The United States argues that the Court of Federal Claims' judgment should be summarily affirmed. Killingsworth has not responded to the motion. However, in its brief, Killingsworth argues that the Court of Federal Claims had jurisdiction because the state officials along with its business competitors are alleged to have committed antitrust violations. Killingsworth also argues that the state's immunity to suit is waived because of the antitrust violations. However, the Court of Federal Claims correctly held that it has jurisdiction over an action if the "United States" is named by the plaintiff as the defendant and not if actions of a state or state officials are challenged. Killingsworth's other argument, that the case be remanded for a more definite statement, is without merit because Killingsworth seeks remand to remove the tort claims or more adequately explain the antitrust claims but not to add the United States as a defendant. Summary disposition of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, it is clear that summary disposition is warranted. The complaint is not within the jurisdiction of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.