NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**THOMAS E. BOWLES, III,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-1375

_____

Appeal from the United States Court of Federal Claims in No. 1:14-cv-01241-VJW, Judge Victor J. Wolski.

_____

Decided: May 9, 2016

_____

THOMAS E. BOWLES, III, Latham, NY, *pro se*.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

_____

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Thomas E. Bowles III appeals *pro se* a judgment of the United States Court of Federal Claims dismissing his case for lack of jurisdiction. The Court of Federal Claims examined Mr. Bowles' allegations and concluded that he failed to state a claim over which the Court of Federal Claims could exercise jurisdiction. We agree that none of Mr. Bowles' claims fall within the Court of Federal Claims' limited jurisdiction. We *affirm* the judgment of no jurisdiction.

## BACKGROUND

Mr. Bowles apparently owned property in New York and was involved in a landlord-tenant dispute. Mr. Bowles maintains that a city court judge in Watervliet, New York permitted three tenants to occupy Mr. Bowles' property without paying rent, resulting in damage to the property and fines. Mr. Bowles further alleges that a judge in Albany County improperly foreclosed on his property.

Mr. Bowles filed a complaint in the United States District Court for the Northern District of New York to redress these property disputes. The district court dismissed the complaint *sua sponte* after finding that the complaint did not satisfy the minimum standard of presenting an arguably meritorious issue. The United States Court of Appeals for the Second Circuit affirmed, stating that Mr. Bowles' appeal lacked an arguable basis in fact and law. Mr. Bowles then filed a complaint at the Court of Federal Claims, seeking review of the events described above, money damages, and an extraordinary writ of prohibition.

The Court of Federal Claims determined that the complaint asserted claims against a Watervliet City judge, an Albany County judge, and Albany County's Department of Taxation and Finance. The Court of

Federal Claims concluded that the complaint must be dismissed because the Court of Federal Claims has no jurisdiction over claims brought against state or local governments or their officials.

In his complaint, Mr. Bowles cited 42 U.S.C. § 1983, various due process violations, 28 U.S.C. § 1331, and the holding in *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). The Court of Federal Claims explained that its jurisdiction does not derive from those sources. The Court of Federal Claims also declined to issue a writ of prohibition enjoining the decisions of the Northern District of New York and the Second Circuit on grounds that it lacks jurisdiction to review those decisions.

On appeal, Mr. Bowles raises three new arguments. First, Mr. Bowles asserts that the Court of Federal Claims failed to consider the Veterans Economic Opportunity Act of 2013, H.R. 2481, 113th Cong. (2013), which he argues protects disabled veterans from home foreclosure. Second, Mr. Bowles appears to suggest that 28 U.S.C. § 1631 requires his case to be transferred to a court with jurisdiction over his claims. Third, Mr. Bowles alleges that the United States government failed to adequately compensate him for an injury suffered while serving in the armed forces.

### ANALYSIS

We review *de novo* a Court of Federal Claims decision to dismiss for lack of jurisdiction. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). A *pro se* plaintiff's filings are to be liberally construed, but that liberal standard does not alleviate Mr. Bowles' burden of establishing that the Court of Federal Claims has jurisdiction over his case. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015).

The Court of Federal Claims' jurisdiction is limited to certain claims against the United States. *See* Rules of the

Court of Federal Claims 10(a); *Pierce v. United States*, 590 F. App'x. 1000, 1001 (Fed. Cir. 2015); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941).

The Court of Federal Claims properly dismissed Mr. Bowles' complaint because the Court of Federal Claims has no jurisdiction to resolve claims against state or local governments or their officials. *See e.g., Killingsworth Env't, Inc. v. United States*, 18 F. App'x. 898 (Fed. Cir. 2001). Nor can it review decisions of other federal courts. *See e.g., Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

This Court declines to review issues raised for the first time on appeal. *See Sage Products, Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997). To the extent that Mr. Bowles now claims that the United States failed to provide adequate disability compensation or protect him from home foreclosure, we will not consider those allegations in the first instance. In any event, the Veterans Economic Opportunity Act of 2013 has not been passed into law.

We are not persuaded by Mr. Bowles' request under 28 U.S.C. § 1631, which provides that a federal court *may* transfer a case to another court in certain circumstances, but only if such a transfer is in the interest of justice. *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed. Cir. 1988). The Northern District of New York dismissed Mr. Bowles' case, the Second Circuit denied his appeal of that decision, and Mr. Bowles failed to assert the jurisdiction of the Court of Federal Claims. We do not believe that transferring Mr. Bowles' case to yet another forum would be in the interest of justice.

We *affirm* the judgment of the Court of Federal Claims for lack of jurisdiction.

## AFFIRMED

Costs

No costs.