# In the United States Court of Federal Claims

No. 19-292C

(Filed: June 19, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| DEBRA L. E. CARTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

Debra L.E. Carter, *pro se*, Emporia, Virginia.

Alexis J. Echols, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Debra L. E. Carter has brought suit seeking unspecified compensatory and punitive damages relating to an automobile accident that occurred several years ago in Virginia. Compl. at 1, 8, ECF No. 1.[1] Ms. Carter names as defendants the following entities: Greensville County, Virginia; Curtis Contracting, Inc.; the Virginia Association of Counties Group, Self-Insurance Risk Pool; The Hartford and Travelers insurance companies; the Virginia Department of Motor Vehicles; and the United States, acting through the National Highway Traffic Safety Administration ("NHTSA"). Compl. at 1. The United States ("the government") has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. for Summ. Dismissal of *Pro Se* Compl. ("Def.'s Mot."), ECF No. 8.

---

[1]Citations to the complaint and its attachments correspond to the page marking as reproduced in the Electronic Case Filing system.

Because this court lacks subject-matter jurisdiction over all but one of the defendants and also over the basis of the claim, the government's motion to dismiss Ms. Carter's complaint is GRANTED.

## BACKGROUND

Ms. Carter claims that on the evening of February 16, 2017, she was driving her car southbound on Otterdam Road in Greenville County, Virginia, when she was involved in a single-vehicle accident immediately south of the intersection with Aberdour Road. Compl. at 1-2. Ms. Carter was traveling from her home on Aberdour Road to a nearby church on Otterdam Road. Compl. at 1-2. That stretch of Otterdam Road had been under construction since January 2017, with Curtis Contracting, Inc. performing the work on behalf of Greenville County. Compl. at 1-3, 7; Compl. Attach. 1 at 8. Ms. Carter notes that signage indicated Otterdam Road was closed to all but local traffic and construction equipment was present. Compl. at 1-2; Compl. Attach. 2 at 37, 44. Ms. Carter contends, however, that at the time of her accident, no signs specifically advised drivers of loose gravel or to slow their speed, though orange cones lining the road subsequently appeared. Compl. at 1, 7. Ms. Carter claims that back and nerve injuries resulted from the accident. Compl. at 4-5, 7-8.

Ms. Carter's insurance provider denied her claim because she carried only liability coverage. Compl. Attach. 1 at 13-14. Insurance providers for both Curtis Contracting and Greenville County also denied her claim because they each found her solely responsible for the accident. Compl. Attach. 1 at 15-17.

Ms. Carter also makes several allegations of harassment by employees of Curtis Contracting and obstruction of justice by state or local government employees. Compl. at 3-4, 8.

On May 3, 2019, the court granted Ms. Carter's motion for additional time to respond to the government's motion to dismiss, allowing Ms. Carter to respond by June 4, 2019. *See* Order of May 3, 2019, ECF No. 10. Ms. Carter has not filed a response, timely or otherwise.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

2

Ms. Carter, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The government argues that this court lacks jurisdiction because Ms. Carter's claims represent tort claims over which this court lacks jurisdiction. Def.'s Mot. at 4-5. Mr. Carter's complaint has not specifically addressed jurisdiction. *See generally* Compl.

For this court to exercise jurisdiction over Ms. Carter's claims, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Under the Tucker Act, this court can only hear claims against the United States, and only claims for monetary compensation resulting from a breach of contract with the federal government or from federal government violations of constitutional, statutory, or regulatory law, excluding tort cases. 28 U.S.C. § 1491(a). Accordingly, this court may not consider claims against states or their instrumentalities, nor against private parties. 28 U.S.C. § 1491(a); *see also, e.g.*, *Bowles v. United States,* 639 Fed. Appx. 647 (Fed. Cir. 2016) (no jurisdiction over states or their instrumentalities); *Arunga v. Clinton*, 77 Fed. Cl. 120, 124-25 (2007) (no jurisdiction over disputes between private parties). Here, only NHTSA, an agency of the federal government, is a proper defendant before this court. The remainder are state or local instrumentalities (*i.e.*, Greenville County and the Virginia Department of Motor Vehicles) or private parties (*i.e.*, the insurance companies and Curtis Contracting). Accordingly, claims against all defendants other than the NHTSA must be dismissed for lack of jurisdiction.

Conceptually, while a claim against NHTSA might proceed before this court, Ms. Carter's complaint contains two incurable deficiencies. First, while Ms. Carter provides a detailed complaint with attendant insurance letters, e-mails between local officials, and photographs of the road construction, no factual allegations implicate NHTSA. The accident occurred along what appears to be road operated by Virginia or Greenville County, and allegedly was attributable to road construction conducted by a private contractor. Accepting Ms. Carter's assertions as true for the purposes of the government's motion to dismiss, the court cannot

---

[2] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

conceive of an interpretation of the facts that would link Ms. Carter's claims to the federal government. Accordingly, Ms. Carter has not satisfied her burden to demonstrate this court's jurisdiction.

Second, Ms. Carter's complaint raises only tort claims. Ms. Carter alleges her car accident was caused by the reckless, or perhaps negligent, behavior of the County or its private contractor. *See* Compl. at 1-2, 7-8. Harassment and obstruction of justice are also alleged against private citizens or County employees. *See* Compl. at 3-4, 8. The Tucker Act, however, excludes tort claims from this court's jurisdiction. *E.g.*, 28 U.S.C. § 1491(a); *see also, e.g., New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed. Cir. 1989) (tort claims); *cf. Brown v. United States*, 88 Fed. Cl. 322, 328 (2009) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)) (criminal claims). Because the court lacks subject-matter jurisdiction, the court cannot opine on the validity of the claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Ms. Carter's complaint is GRANTED. Ms. Carter's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

4